UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                        CASE NO. 8:22-cr-407-SDM-LSG-1

LESTER BEST
_____/

### MOTION FOR RELEASE PENDING APPEAL OR, IN THE ALTERNATIVE, MOTION TO EXTEND THE SELF-SURRENDER DATE FOR 60 DAYS

Defendant Lester Best, by and through the undersigned counsel, and pursuant to 18 U.S.C. § 3143 and Federal Rule of Criminal Procedure 46, hereby moves this Court to impose reasonable terms of the Defendant's release pending appeal in the instant case; alternatively, Defendant requests the Court to extend his self-surrender date for 60 days, and states as follows in support:

1. The defendant was charged by indictment with wire fraud and conspiracy to commit wire fraud. Doc. 1 & 363.

2. On January 5, 2023, the Magistrate Judge entered an Order Setting Conditions of Release for Defendant. Doc. 137.

3. The order required Defendant to remain on home incarceration for 24 hours a day and to sign a $20,000 appearance bond.

4. Defendant has remained on release since that time without incident.

1

5. The Magistrate Judge subsequently entered an order modifying Defendant's release conditions to home detention and allowing Defendant to leave his home for employment. Doc. 154.

6. Defendant proceeded to trial and, on March 1, 2024, Defendant was found guilty by a jury on Counts 1-23 of the superseding indictment. Doc. 470.

7. On November 5, 2024, this Court entered a judgment sentencing Defendant to a term of imprisonment of 67 months, concurrent on all counts. Doc. 618.

8. The Court allowed Defendant to voluntarily surrender to the Bureau of Prisons by January 6, 2025.

9. Undersigned counsel was appointed via the Criminal Justice Act to represent Defendant on November 18, 2024. Doc. 631.

10. Undersigned counsel filed a timely Notice of Appeal on November 18, 2024. Doc. 632.

11. Defendant's appeal is not brought for purposes of delay and will raise substantial questions of law, as required by 18 U.S.C. § 3143, that are likely to result in a reversal of at least one of his convictions or an order for a new trial.

12. Given the length of Defendant's sentence, were he to begin serving his period of incarceration during the pendency of the appeal, he could serve a substantial portion of the period of incarceration before the direct appeal reaches a

final resolution. Between 2018 and 2021, the average time from the filing of the notice of appeal to the final disposition of criminal appeals in the Eleventh Circuit was between 10.3 and 11.1 months.[1]

13. Those statistics include cases that would typically be disposed of in a very short time frame, such as cases in which a defendant appeals a sentence despite having waived the right to appeal in a plea agreement. Since a jury trial was held in Defendant's case, Defendant's direct appeal is likely to take longer that than the median timeframe. *See e.g. United States v. Diaz*, 846 Fed.Appx. 846, No. 19-11909 (11th Cir. 2021) (direct appeal taken following a jury trial on allegations of conspiracy to defraud and receiving health care kickbacks; notice of appeal filed May 13, 2019, Eleventh Circuit mandate issued on April 8, 2021); *United States v. Nerey*, 877 F.3d 956, No. 16-13614 (11th Cir. 2017) (direct appeal taken following a jury trial on charges of soliciting and receiving kickbacks; notice of appeal filed June 14, 2016, Eleventh Circuit mandate issued on January 10, 2018); *United States v. Hill*, 745 Fed.Appx. 806, No. 17-13545 (11th Cir. 2018) (direct appeal taken following a jury trial in an illegal remunerations case; notice of appeal filed April 7, 2017, Eleventh Circuit mandate issued on August 30, 2018;

---

[1] *See*
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2018.pdf;
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2019.pdf;
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2020.pdf;
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2021.pdf.

defendant/appellant was released pending appeal); *United States v. Whiteside*, 285 F.3d 1345 (11th Cir. 2002) (referenced by the Court at sentencing; direct appeal taken following a jury trial on charges of conspiracy to defraud and making false statements in Medicare/Medicaid reimbursement cost reports; notices of appeal filed May 19 and 22, 2000, Eleventh Circuit mandate issued on June 10, 2002).

14. If Defendant's appeal is successful, his release pending appeal would be necessary to ensure that he does not serve any unnecessary time in prison.

15. Additionally, Defendant is not a flight risk.

16. Defendant will not pose a danger to the safety of any other person or the community if released. Defendant is not a risk for committing any offenses while on release.

17. Defendant was born and raised in the Tampa, Florida, area and has substantial ties to the community, including multiple children who reside in the local area.

18. Defendant owns his home, and he has two minor children (ages 10 & 17) currently residing with him at the residence, and Defendant is responsible for their care. If Defendant is required to report for prison, he will have to ensure that arrangements are made for the care of these two children.

19. The defendant is also a small business owner, and if he is required to report for prison, he will have to make arrangements for somebody to take over his business while he is in prison.

## MEMORANDUM OF LAW

18 U.S.C. § 3143(b) allows for Defendant to be released pending appeal if this Court finds as follows:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

"If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." *Ibid*.

The Eleventh Circuit has defined a "substantial question" under 18 U.S.C. § 3143(b) as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that could very well be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). The court has further held that "there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis." One district court has explained:

> …in determining whether there is a substantial question, a court must keep in mind that it is not being asked to reverse its position on issues decided at trial, nor is it being asked to grant a new trial. It must decide only that a significant issue exists that merits appellate review and that the issue is critical enough to the defendant's conviction that a contrary appellate ruling would warrant a reversal.

*United States v. Hicks*, 611 F.Supp. 497 (S.D. Fla. 1985) *citing United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985); *Giancola*, 754 F.2d at 900; *United States v. Handy*, 761 F.2d 1279, 1489 (9th Cir. 1985).

Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. Defendant is 56 years old; he has lived his entire life in the Tampa, Florida, area; he has multiple children who live in the Tampa area; he is responsible for the caretaking of his two minor children who are currently living with him; he owns his home; he owns and operates his own business in the local area (and requires additional time to make arrangements for the continuation of this business if he is required to report to prison); he has served

his term of pre-trial release satisfactorily; and the imposed prison term is not so substantial as to suggest any likelihood of flight.

Next, Defendant will raise on appeal substantial questions of law in support of his claims, including as they relate to the sufficiency of the evidence in this case. At trial, the Government failed to present sufficient direct evidence of Defendant's knowledge of any conspiracy or illicit activity. Co-defendant Andrea Mitchell testified that Defendant was her best friend in the world and she knew that he would do whatever she asked him to do. Doc. 640, pg. 219. Ms. Mitchel explained that Defendant has trouble with reading and writing, and that he was in special education classes as a child and has a learning disability. Doc. 640, pgs. 220-21; 223. She testified that she assisted him with his businesses, including scheduling, payroll, collections, handling deposits and bills, telling Defendant where he needed to go and when, etc. Doc. 640, pg. 222. Ms. Mitchell explained that Defendant would not understand the concept of Pell Grants because he never went to college. Doc. 640, pg. 223. She said that Defendant asked her whether this work in connection with the grants was legitimate, and she responded that it "absolutely is." Doc. 640, pg. 224. She further stated that, had she explained to Defendant that this was not a legal venture, that he would not have done it. Doc. 640, pg. 224. She testified that she knew he would not question her about this venture and did not have the mental capacity to understand what was really going on. Doc. 640, pg.

228-29.

Wire fraud is a specific intent crime. *United States v. Conner*, 752 F.2d 566 (11th Cir. 1985). The Eleventh Circuit has explained that:

> To be convicted of wire fraud, a person must "(1) intentionally participate[ ] in a scheme or artifice to defraud another of money or property and (2) use[ ] or 'cause[ ]' the use of the mails or wires for the purpose of executing the scheme or artifice." *United States v. Bradley*, 644 F.3d 1213, 1238 (11th Cir. 2011).

*United States v. Watkins*, 42 F.4th 1278, 1282 (11th Cir. 2022).

Here, Defendant lacked the requisite intent to defraud another of money or property. As Ms. Mitchell explained, Defendant was not aware of the illicit nature of the venture, and he lacked the mental capacity to understand the illegal nature of the scheme. Defendant did not make any intentionally false, fraudulent, or misleading statements.

Defendant additionally intends to raise on appeal that he should not have received a 4-level role enhancement as an organizer or leader under U.S.S.G. §3B1.1(a), as well as the amount of restitution ordered by the Court. As explained above, Defendant lacked the requisite intent to defraud and should not have received the 4-level role enhancement.

Defendant meets the statutory criteria for release pending appeal. He has established by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released pending

appeal. He has likewise established that his direct appeal is not taken for the purpose of delay and will raise substantial questions of law and fact that will likely result in a reversal or an order for a new trial. Consequently, the ends of justice will be served by his release pending appeal.

WHEREFORE, Defendant requests that this Court grant this motion and order reasonable conditions of his release pending final resolution of the appeal; in the alternative, Defendant requests a 60-day extension of his surrender date so as to allow him to make arrangements for a person to take responsibility for caring for his two minor children, and to make arrangements for the continuation of his business operations.

Local Rule 3.01(g) Certification

On December 12, 2024, undersigned counsel called Assistant United States Attorney Candace Garcia Rich to ascertain her position on this motion. AUSA Rich has advised undersigned counsel that she is opposed to the relief requested in this motion.

Respectfully,

/s/ *Anne F. Borghetti*
ANNE F. BORGHETTI, ESQUIRE
12211 49th St N, Ste 1
Clearwater, FL 33762
Phone (727) 502-0300
Fax (727) 502-0303
Florida Bar No.: 0843385
Email: legal@borghettilaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.

/s/ *Anne F. Borghetti*

ANNE F. BORGHETTI, ESQUIRE